UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON BALL, | ) | 1:08-CV-01789 SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND TERMINATE |
| JOHN MARSHALL, Warden, | ) | CASE |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction by plea of nolo contendere on December 16, 2004, to one count of assault with a firearm (Cal. Penal Code § 245(a)(2)) and one count of residential arson (Cal. Penal Code § 451(b)) in two separate cases. (LD 20.[1]) Petitioner also admitted a gang enhancement (Cal. Penal Code § 186.22(a)(2)), a gun use enhancement (Cal. Penal Code § 12022.5(a)(1)), and that he had a prior conviction within the meaning of California's Three Strikes Law (Cal. Penal Code § 667(b)-(i)). (LD 20.) The plea

---

[1] "LD" refers to the documents lodged by Respondent with his answer.

agreement provided that Petitioner would receive a prison term of 17 to 19 years. (LD 20.) On February 18, 2005, he was sentenced to a total aggregate term of 17 years. (LD 20.)

Petitioner timely appealed to the California Court of Appeals, Fifth Appellate District. On appeal, the government conceded that the trial court had erred in imposing multiple punishments in violation of Cal. Penal Code § 654. (LD 20.) The appellate court vacated the sentence and remanded the case for resentencing, but otherwise affirmed the judgment. (LD 20.) On June 9, 2006, the trial court dismissed the prior conviction allegation and reimposed a 17-year term. (LD 20.)

Petitioner filed an appeal. On February 27, 2007, the judgment was modified to award certain presentence custody credits. (LD 20.) The judgment was affirmed in all other respects. (LD 20.)

Petitioner then filed a petition for review in the California Supreme Court. (LD 21.) On December 12, 2007, the petition was summarily denied. (LD 23.)

On May 8, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 24.) On October 16, 2008, the petition was denied with citation to In re Clark, 5 Cal.4th 750 (1993). (LD 25.)

On November 14, 2008, Petitioner filed the instant federal habeas petition. On February 17, 2009, Respondent filed an answer to the petition. On March 16, 2009, Petitioner filed a traverse.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Legal Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of

materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

### III. Review of Petition

Petitioner claims he received ineffective assistance of counsel when trial counsel advised him to plead guilty rather than proceed to jury trial. Petitioner faults counsel for failing to advise him that the prior conviction that was counted as a strike was not a strike, because Petitioner alleges, the prior plea itself was involuntary. He also claims counsel should have known the evidence was insufficient to support a conviction for discharging a weapon at an occupied dwelling and therefore should have advised Petitioner not to plead guilty. He further claims that had counsel investigated the gang enhancement charge further, he would have advised Petitioner not to plead guilty to that charge as well.

This claim was first presented in a petition for writ of habeas corpus to the California Supreme Court. (LD 24.) The petition was summarily denied. (LD 25.) When the state court does not supply reasoning for its decision, federal habeas review is not de novo; rather, an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir.2000).

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Strickland v. Washington, 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court. First, Petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, [Petitioner] must show that the deficient performance prejudiced the defense. Id. at 687. This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985).

In this case, Petitioner alleges counsel should have advised him not to accept the plea bargain because a strike conviction was not valid. The basis for this argument is his claim that he did not knowingly enter his plea to a 1997 conviction that constituted a strike for purposes of sentencing. This argument is not well taken. Any challenge to the plea agreement in the 1997 strike conviction was not at issue during sentencing. Further, the instant criminal proceeding was not the appropriate forum to raise a challenge to an underlying conviction. See Garcia v. Superior Court, 14 Cal.4th 953, 963-66 (1997). To the extent that Petitioner wished to raise such a challenge, he was required to bring it in a separate habeas action.

Petitioner also claims counsel should have advised him to proceed to trial because the prosecution would not have been able to prove Petitioner discharged a firearm at an inhabited dwelling. However, there is nothing to support this claim. As Respondent correctly argues, Petitioner's argument is purely speculative and based entirely on Petitioner's opinion of the evidence

adduced at the preliminary hearing. Further, a witness testified that Petitioner fired two shots at his home, and two bullet holes where located in the garage of the home. (CT 35.[2]) Petitioner fails to show that any reasonable attorney would have been certain the evidence would have been insufficient at trial.

In addition, Petitioner claims counsel failed to investigate the gang enhancement charge and challenge it based on Petitioner's allegation that he was not a member of the "Modoc" gang but the "Hoover" gang. This is apparently an important distinction to Petitioner because a witness heard him making comments in support of the "Modoc" gang during the incident. This argument is also plainly without merit. As Petitioner readily admits, he was a member of *a* gang. For this reason, there is no reason counsel should have investigated further into the gang enhancement charge. Moreover, the detective explained how a "Hoover Crip" gang affiliation could relate to a "Modoc" gang affiliation. (CT 54-56.) She clarified that the "Modoc" gang is a criminal street gang based on the neighborhood where gangmembers live, whereas the "Hoover Crip" gang is an affiliation members will claim in prison for purposes of classification. (CT 54-55.)

In sum, Petitioner fails to demonstrate that counsel committed prejudicial error. He cannot demonstrate that the state court clearly erred in its application of controlling federal law. 28 U.S.C. § 2254(d). The petition must be denied.

**IV.  Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

---

[2]"CT" refers to the Clerk's Transcript on Appeal.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DENIED WITH PREJUDICE;

2. The Clerk of the Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:    May 27, 2009**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE